UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION - COLUMBUS

| | | |
|---|---|---|
| TIA BATTLE, | : | |
| 1440 N. 6th Street | : | Case No. |
| Columbus, Ohio 43201 | : | |
| | : | Judge |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF COLUMBUS, | : | **JURY DEMAND ENDORSED HEREON** |
| 77 North Front Street, 1st Floor | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Tia Battle (hereafter "Plaintiff"), by and through undersigned counsel, and files her Complaint against Defendant City of Columbus (hereafter "Defendant") states and avers as follows:

### THE PARTIES

1. Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(4) and Ohio Title 4112.

2. Defendant is a political subdivision of the State of Ohio and is Plaintiff's employer.

### JURISDICTION AND VENUE

3. Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12111. Jurisdiction over the state law claims pursuant to Ohio Title 4112 is conferred pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

5. At all times pertinent hereto, Defendant was an "Employer" within the meaning of the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(5) and Ohio Title 4112.

6. Plaintiff satisfied all pre-requisites for filing for lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates her allegations set forth in the preceding paragraphs as if fully rewritten herein.

8. Defendant hired Plaintiff as a Community Relations Representative for the "Keep Columbus Beautiful" program in Defendant's Department of Public Services in April 2022.

9. As a Community Relations Representative, Plaintiff worked with community stakeholders, educated the public on environmental practices, and coordinated community events. Plaintiff single-handedly led the project design and managed the Columbus Litter League within a month of starting her job.

10. Shortly after beginning work, a custodian in the warehouse reported to Plaintiff that a light-duty worker was sexually harassing the custodian. The same light-duty worker inappropriately hugged Plaintiff. Plaintiff reported both issues to Human Resources. Plaintiff also informed Human Resources that she had complex post traumatic stress disorder ("PTSD") and the light-duty worker's interaction with her and worsened her PTSD.

11. Aryeh Alex was Plaintiff's supervisor.

12. Alex routinely required Plaintiff to do work outside her job classification as outlined in the collective bargaining agreement, which included manual labor in the warehouse.

13. When Plaintiff was required to work in the warehouse, she usually worked alone which caused her complex PTSD to worsen.

14. Plaintiff submitted a letter from her physician to Human Resources which stated Plaintiff should not work in the warehouse due to her PTSD. Plaintiff also informed Alex the warehouse work increased her complex PTSD symptoms.

15. Alex ignored Plaintiff's request and continued to require her to work in situations that were against her physician's advice because Alex stated Defendant would eventually hire someone to cover the warehouse duties in lieu of Plaintiff.

16. Alex also failed to spend adequate time at Keep Columbus Beautiful's office to fulfill his managerial duties. Alex routinely assigned these duties to Plaintiff which were outside her job classification.

17. As a result of Plaintiff's success with the Columbus Litter League, in October 2022 the hiring manager for an open Community Relations Coordinator position informed Plaintiff she was being considered for a promotion to that position.

18. Before Plaintiff was able to apply for the Community Relations Coordinator position, Alex informed the hiring manager that his department required Plaintiff to remain in her position, specifically to work in the warehouse.

19. In December 2022, Alex instructed Plaintiff to create a work plan for her position. Plaintiff created the work plan which included job duties within her job classification. Alex approved of the work plan but still assigned Plaintiff duties outside her job classification which caused Plaintiff's PTSD to worsen.

3

20. In April 2023, Plaintiff inquired to Alex about advancement opportunities with Defendant. Alex responded that Plaintiff will only ever be able to stay in her current position, but he would transfer additional job duties to her which included spearheading the program's educational components. Plaintiff revamped the educational materials, projects, and presentations. As a result of Plaintiff's work, Dublin City School's Penny-Harvest drive awarded Defendant a grant.

21. Shortly after discussing advancement opportunities with Alex, Plaintiff applied for a promotion to a Diversity Specialist position with Defendant. After applying, Alex and Alex's supervisor, Division Manager, approached Plaintiff about her application to inquire why she wanted to be promoted from her current position.

22. Defendant did not select Plaintiff for the Diversity Specialist position.

23. Plaintiff continued to search for promotion opportunities and inquired about additional promotional opportunities with the Division Manager in June 2023. The Division Manager did not respond to Plaintiff.

24. Shortly after, Plaintiff met with the Operations Coordinator for her division and reported that Alex treats her differently than other employees because of her disability. Plaintiff also reported that Alex's treatment has caused her complex PTSD to worsen.

25. The Operations Coordinator stated that they would be hiring a new Community Relations Coordinator to be Plaintiff's new supervisor. The new Community Relations Coordinator would report to Alex and Alex would become Plaintiff's second-level supervisor.

26. Plaintiff inquired about a promotion to the Community Relations Coordinator position. The Operations Coordinator informed Plaintiff that a promotion to this position was not

possible because a promotion was based on Alex's opinion of Plaintiff. And therefore she would not receive a promotion without Alex's approval.

27. By the end of summer 2023, Alex had continued to treat Plaintiff poorly and blocked multiple promotional opportunities for Plaintiff. On August 22, 2023, Plaintiff was forced to take leave for stress due to her complex PTSD that had significantly worsened.

28. Defendant's reasons for denying Plaintiff multiple promotions were false.

29. Plaintiff was denied a promotion because of her disability.

## **COUNT I – DISABILITY DISCRIMINATION ADA & OHIO TITLE 4112**

30. Plaintiff incorporates her allegations set forth in the preceding paragraphs as if fully rewritten herein.

31. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of her disability. *See* 42 USC § 12112.

32. Plaintiff is disabled as defined by the ADA.

33. Plaintiff is qualified, with or without reasonable accommodation to perform the essential functions of his job.

34. By denying Plaintiff multiple promotions and requiring her to do work outside her job description, Defendant discriminated against Plaintiff on the basis of her disability.

35. Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's disability.

36. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

37. As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees without disabilities.

5

38. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

## COUNT II – DISABILITY DISCRIMINATION ADA & OHIO TITLE 4112
**(Regarded As Disabled)**

39. Plaintiff incorporates her allegations set forth in the preceding paragraphs as if fully rewritten herein.

40. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

41. The ADA prohibits employers from regarding employees as disabled. *See* 42 USC § 12102.

42. Defendant perceived Plaintiff to be disabled because Plaintiff was unable to work in the warehouse and was denied several promotions.

43. Plaintiff was qualified to perform her job with or without a reasonable accommodation.

44. Plaintiff suffered an adverse employment action.

45. Defendant knew or had reason to know about Plaintiff's inability to perform work in the warehouse and denied Plaintiff multiple promotions.

46. Plaintiff's perceived disability was the basis for Defendant's discriminatory treatment.

47. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

**WHEREFORE**, Plaintiff Tia Battle prays that this Court award a judgment against Defendant The City of Columbus on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
ASalvino@ksrlegal.com

*Counsel for Plaintiff*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
ASalvino@ksrlegal.com

*Counsel for Plaintiff*